**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| DANA TOW, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PHI HEALTH, LLC,<br><br>Defendant. | Case No. 1:25-CV-01171-GBW-LF<br><br>Rule 23 Class Action |

# FIRST AMENDED CLASS ACTION COMPLAINT

## SUMMARY

1. Dana Tow (Tow) brings this class action to recover unpaid wages and other damages from PHI Health, LLC (PHI).

2. PHI employed Tow as one of its Hourly Employees in New Mexico (defined below).

3. PHI pays Tow and the Hourly Employees by the hour.

4. Tow and the other Hourly Employees regularly work more than 40 hours a week.

5. But PHI does not pay Tow and its other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 in a workweek.

6. Instead, PHI pays Tow and its other Hourly Employees non-discretionary bonuses—including work schedule bonuses, sign-on bonuses, referral bonuses, and incentive bonuses—that it fails to include in these employees' regular rates of pay for overtime purposes (PHI's "bonus pay scheme").

7. PHI's bonus pay scheme violates the New Mexico Minimum Wage Act (NMMWA) by

depriving Tow and the other Hourly Employees of at least 1.5 times their regular rates of pay, based on all remuneration, for each hour worked in excess of 40 in a week.[1] *See* Ex. 1, Department of Labor Fact Sheet #56A.

## Jurisdiction & Venue

8. Tow does not concede jurisdiction or venue is proper in this Court.

9. Tow originally filed suit in the First Judicial District Court of Rio Arriba County, New Mexico on October 13, 2025. Tow asserted New Mexico state court had original subject matter jurisdiction over this matter under the NMMWA as a cause of action arising under the laws of the State of New Mexico.

10. Tow asserted New Mexico state court has personal jurisdiction over PHI based on PHI's substantial operations in New Mexico and its substantial contacts with, and conduct directed toward, New Mexico that form the basis of this class action. Further, Tow asserted venue was proper in Rio Arriba County pursuant to N.M.S.A. § 38-3-1(F) because PHI is a foreign corporation that is admitted to do business in the State of New Mexico and designated a registered agent residing in Rio Arriba County, New Mexico.

11. PHI removed this matter from New Mexico court on November 21, 2025. Doc. 1. Accordingly, Tow brings this Amended Class Action Complaint before this Court. However, Tow has moved for remand (Doc. 9) on the basis this Court lacks jurisdiction over the claims asserted in this lawsuit.

## Parties

[1] Tow likewise alleged PHI's bonus pay scheme violated the NMMWA in her Original Complaint. Doc. 1-1, at *5-6, ¶¶ 7-8.

12. Tow worked for PHI as a Flight Nurse from approximately September 2021 until December 2022, including in New Mexico from approximately September 2022 through December 2022.

13. Throughout her employment, PHI paid Tow under its bonus pay scheme.

14. Tow brings this class action on behalf of herself and similarly situated PHI employees in New Mexico who were paid in accordance with PHI's bonus pay scheme.

15. The Putative Class of similarly situated employees is defined as:

> **All individuals who worked for PHI in New Mexico and were paid in accordance with PHI's bonus pay scheme at any time (the "Hourly Employees").**

16. PHI is a Louisiana corporation headquartered in Lafayette, Louisiana.

17. PHI is registered to do business in New Mexico.

18. PHI may be served through its registered agent: **C T Corporation System, 206 S. Coronado Ave., Espanola, New Mexico 87532**.

## FACTS

19. PHI holds itself out as "[t]he leading air ambulance provider in the United States … [that] set[s] the standard in the air medical industry … transport[ing] more than 22,500 patients each year, operating out of more than 82 bases across the United States."[2]

20. PHI further touts that it has completed "12.5 million+ flight hours[,] more than any other private company."[3]

21. To meet its business objectives, PHI hires workers, like Tow and the other Hourly Employees, to provide emergency care and transport to its patients.

---

[2] https://www.phiairmedical.com/ (last visited September 25, 2025).
[3] *Id.*

22. For example, PHI employed Tow as a Flight Nurse from approximately September 2021 until December 2022, including in New Mexico from approximately September through December 2022.

23. Tow's job duties included assessing and monitoring patients, providing direct patient care as appropriate and directed, and ensuring safe transportation of patients via helicopter to healthcare facilities in response to unscheduled, emergency calls.

24. Tow was PHI's hourly employee.

25. PHI paid Tow approximately $32 an hour.

26. Tow reported her "on the clock" hours to PHI.

27. PHI's records reflect the hours Tow reported each week.

28. Tow regularly worked more than 40 hours a week.

29. Tow typically worked approximately 24 hours a day for 2 to 3 days a week (48 to 72+ hours a week) "on the clock."

30. Despite knowing Tow regularly worked more than 40 hours a week, PHI did not pay her premium overtime wages based on all remuneration earned.

31. Instead, PHI paid her pursuant to its bonus pay scheme.

32. Specifically, PHI agreed to pay and subsequently paid Tow non-discretionary bonuses, including work schedule bonuses, sign-on bonuses, referral bonuses, and incentive bonuses, that it excludes from their regular rates of pay for overtime purposes:

| DESCRIPTION | HOURS | RATE | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|
| Paid Time Off | 48.00 | 35.560 | 1,706.88 | 4,054.24 |
| Regular Pay | 40.00 | 32.150 | 1,286.00 | 68,288.08 |
| Work Schedule Bonus | 0.00 | 0.000 | 673.08 | 3,365.40 |
| Overtime | 8.00 | 48.220 | 385.80 | 6,221.05 |
| LTD Supplement | 0.00 | 0.000 | 15.35 | 363.83 |
| Group Term Life Insurance | 0.00 | 0.000 | 4.20 | 98.93 |
| Straight Overtime | 0.00 | 0.000 | 0.00 | 21,229.47 |
| Sign On Bonus | 0.00 | 0.000 | 0.00 | 10,000.00 |
| Flex | 0.00 | 0.000 | 0.00 | 3,781.99 |
| Air Medical With Pay | 0.00 | 0.000 | 0.00 | 3,414.72 |
| Referral Bonus | 0.00 | 0.000 | 0.00 | 2,500.00 |
| Shift Extension | 0.00 | 0.000 | 0.00 | 2,000.00 |
| Air Medical Incentive Bonus | 0.00 | 0.000 | 0.00 | 1,500.00 |

33. Thus, PHI failed to pay her at least 1.5 times her regular rate of pay for all hours worked in excess of 40 in a workweek, in violation of the NMMWA.PHI pays other Hourly Employees in the same or similar manner under its bonus pay scheme.

34. Like Tow, PHI pays its other Hourly Employees by the hour.

35. And PHI requires them to report their "on the clock" hours to PHI.

36. Thus, just as PHI maintains records of the hours Tow reported, it also maintains records of the hours reported by the other Hourly Employees.

37. PHI's records show the Hourly Employees, like Tow, regularly work more than 40 hours a workweek.

38. Indeed, like Tow, the other Hourly Employees work approximately 24 hours a day for 2 to 3 days a week (48 to 72+ hours a workweek) "on the clock."

39. Despite knowing the Hourly Employees regularly work overtime, PHI does not pay them premium overtime wages at the correct rate, based on all remuneration earned when they worked more than 40 hours in a week, in violation of the NMMWA.

40. Instead, PHI paid Tow and other Hourly Employees under its bonus pay scheme.

41. Specifically, PHI agrees to pay and subsequently pays the Hourly Employees non-discretionary bonuses, including work schedule bonuses, sign-on bonuses, referral bonuses, and incentive bonuses, that it excludes from their regular rates of pay for overtime purposes.

42. Thus, when PHI pays Tow and its Hourly Employees "premium overtime wages," it fails to pay these wages based on their true regular rates of pay, in violation of the NMMWA.

## Class Action Allegations

43. Tow brings her claims on behalf of herself and similarly situated PHI employees as a class action under Fed. R. Civ. P. 23.[4]

44. The Hourly Employees are victimized by PHI's bonus pay scheme.

45. Other Hourly Employees worked with Tow and indicated they were subject to PHI's bonus pay scheme.

46. Based on her experience with PHI, Tow is aware PHI's bonus pay scheme was imposed on other Hourly Employees.

47. The Hourly Employees are similarly situated in the most relevant aspects.

48. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages.

49. Rather, the Hourly Employees are held together by PHI's bonus pay scheme, which systematically deprives Tow and the other Hourly Employees of required premium overtime wages at the required rates.

50. PHI's records reflect the number of hours the Hourly Employees recorded working each workweek.

---

[4] Tow moved for remand to New Mexico state court (Doc. 9), in which case the class action would proceed pursuant to NMRA Rule 1-023.

51. PHI's records also show that it paid its Hourly Employees non-discretionary bonuses that it failed to include in their regular rates of pay for overtime purposes.

52. The back wages owed to the Hourly Employees can therefore be calculated using the same formula applied to the same records.

53. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to PHI's records, and there is no detraction from the common nucleus of liability facts.

54. Therefore, the issue of damages does not preclude class treatment.

55. Tow's experiences are typical of the experiences of the other Hourly Employees.

56. Tow has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class treatment.

57. Tow has an interest in obtaining the unpaid wages owed to the other Hourly Employees under New Mexico law.

58. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.

59. Absent this class action, many Hourly Employees will not obtain redress for their injuries, and PHI will reap the unjust benefits of violating the NMMWA.

60. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

62. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

63. Among the common questions of law and fact are:

a. Whether PHI applied its bonus pay scheme to its Hourly Employees;

b. Whether the Hourly Employees are non-exempt employees entitled to premium overtime wages;

c. Whether PHI paid the Hourly Employees non-discretionary bonuses that it excluded from their regular rates of pay;

d. Whether PHI's bonus pay scheme deprived the Hourly Employees of the premium overtime wages they are owed under the NMMWA; and

e. Whether PHI's NMMWA violations resulted from a continuing course of conduct.

64. The Hourly Employees are known to PHI, are readily identifiable, and can be located through PHI's business and personnel records.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE NMMWA
## (CLASS ACTION)

65. Tow brings her NMMWA claims as a Rule 23 class action on behalf of herself and the other Hourly Employees pursuant to N.M.S.A. § 50-4-26(D).

66. The conduct alleged in this Complaint violates the NMMWA. *See* N.M.S.A. §§ 50-4-20, *et seq*.

67. At all relevant times, PHI has been a covered "employer" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-1; *see also* N.M.S.A. § 50-4-21.

68. At all relevant times, PHI has been an "enterprise in business" within the meaning of the NMMWA.

69. At all relevant times, PHI employed Tow and each Hourly Employee as covered "employees" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-21(C).

70. At all relevant times, PHI has, and has had, employees (including Tow and the other Hourly Employees) engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

71. The NMMWA requires employers, like PHI, to pay non-exempt employees, including Tow and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in any one 7-day week. *See* N.M.S.A. § 50-4-22(D); *see also Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB/KBM, 2016 WL 6396214, at *18-19 (D.N.M. Oct. 25, 2016).

72. Therefore, Tow and the other Hourly Employees are entitled to overtime pay under the NMMWA for all hours worked in excess of 40 hours in a 7-day week.

73. PHI violated, and is violating, the NMMWA by employing non-exempt employees (Tow and the other Hourly Employees) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a 7-day week. *See* N.M.S.A. § 50-4-22(D).

74. PHI's unlawful conduct harmed Tow and the other Hourly Employees by depriving them of the premium overtime wages they are owed.

75. PHI's unlawful bonus pay scheme at issue was, and is, part of a continuing course of conduct, entitling Tow and the other Hourly Employees to recover for all such violations, regardless of the date they occurred.

76. Accordingly, Tow and the other Hourly Employees are entitled to recover their unpaid overtime wages in amount equal to 1.5 times their regular rates of pay for their hours worked over 40 in a 7-day week; "an additional amount equal to twice the unpaid … wages" as treble damages,

N.M.S.A. § 50-4-26(C); and all reasonable attorneys' fees and costs incurred in this action, N.M.S.A. § 50-4-26(E).

## Relief Sought

Tow, individually, and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a class action and certifying the Putative Class pursuant to Rule 23;

b. An Order designating Tow and her counsel to represent the interests of the Hourly Employees;

c. An Order finding PHI liable to Tow and the other Hourly Employees for all unpaid overtime wages owed under the NMMWA, plus treble damages in an amount equal to two times their unpaid wages;

d. A Judgment against PHI awarding Tow and the other Hourly Employees all their unpaid overtime wages, treble damages, other damages, and any other penalties available under the NMMWA;

e. An Order awarding attorney's fees, costs, and expenses;

f. Pre- and post-judgment interest at the highest applicable rates; and

g. Such other and further relief as may be necessary and appropriate.

Dated: December 23, 2025

Respectfully submitted,

By: */s/ Alyssa J. White*

Michael A. Josephson
Andrew W. Dunlap
Alyssa J. White
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: 713-352-1100
Fax: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Justin R. Kaufman
Philip M. Kovnat
**DURHAM, PITTARD & SPALDING, LLP**
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
Phone: (505) 986-0600
Fax: (505) 986-0632
jkaufman@dpslawgroup.com
pkovnat@dpslawgroup.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: 713-877-8788
Fax: 713-877-8065
rburch@brucknerburch.com

**Pro hac vice applications forthcoming*

**ATTORNEYS FOR TOW AND THE HOURLY EMPLOYEES**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 23rd day of December, 2025.

*/s/ Alyssa J. White*
**Alyssa J. White**