IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANA TOW,

     Plaintiff,

v.                                            No. 1:25-cv-01171-KG-LF

PHI HEALTH, LLC,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Dana Tow's Motion to Remand, Doc. 9, Defendant PHI Health's Memorandum in Opposition, Doc. 13, and Plaintiff's Reply, Doc. 15. For the reasons below, the Court grants in part and denies in part Plaintiff's motion.

### I.    Background

Plaintiff worked as a flight nurse for Defendant in New Mexico for approximately 10 weeks from September 2022 to December 2022. Doc. 1 at 3; Doc. 1-1 at 8. Plaintiff originally filed this action in New Mexico State Court, alleging that Defendant failed to pay her, and other workers like her, overtime pay as required by the New Mexico Minimum Wage Act ("NMMWA"). Doc. 1-1 at 13. Plaintiff seeks to certify the lawsuit as a class action. *Id.* at 9.

Plaintiff asserts that Defendant failed to pay "at least 1.5 times [her] regular rate[] of pay, based on all renumeration, for each hour worked in excess of 40 in a week" as required under the NMMWA. *Id.* at 6; *see* NMSA 1978 § 50-4-22(D) (2021) ("An employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours."). According to Plaintiff, Defendant failed to incorporate "non-discretionary bonuses,

such as sign on bonuses," when computing overtime pay. *Id.* Plaintiff asserts that she worked "approximately 24 hours a day for 2 to 3 days a week (48 to 72+ hours a workweek)" at an hourly rate of pay of $32.00. *Id.* at 8.

Defendant removed the action to this Court based on diversity jurisdiction. Doc. 1 at 1; *see* 28 U.S.C. § 1332. Although Plaintiff does not specify the amount of damages she seeks, Defendant alleges that her potential recovery exceeds the $75,000 jurisdictional threshold. Doc. 1 at 3–4. Defendant contends that Plaintiff "is seeking up to 32 hours of overtime per workweek at 1.5 times her regular rate, or $48 an hour." Doc. 1 at 3. Over a period of ten weeks, Defendant estimates that Plaintiff's unpaid wages amount to $15,360. *Id.* Treble damages "equal to twice the unpaid or underpaid wages," NMSA 1978, § 50-4-26(C), would add $30,720, bringing the total to $46,080. *Id.* at 3–4. Defendant asserts that attorney fees and costs "easily exceed [the remaining] $28,920.01 necessary" to satisfy the jurisdictional minimum, citing similar wage-and-hour actions under the Fair Labor Standards Act ("FLSA") in which federal courts have awarded more the $60,000 in fees and costs. *Id.*

Plaintiff now moves for remand, arguing that her potential recovery is below $75,000. Doc. 9 at 2. Plaintiff attaches to her motion paystubs produced by Defendant[1] showing her total compensation and overtime hours worked over the ten-week period she was employed in New Mexico. Doc. 9-1. The pay and time records show that Plaintiff's total overtime hours amount to 125.5 hours. *Id.* Plaintiff also submits a spreadsheet identifying the "nondiscretionary bonuses" she received, and the amount of overtime wages owed if such bonuses had been incorporated in her regular rate of pay to calculate her overtime pay rate. *Id.* at 12–13. The

---

[1]The pay and time records were attached as exhibits to Defendant's Motion to Dismiss, Doc. 5. *See* Doc. 6.

spreadsheet also shows overtime wages paid to Plaintiff at her regular rate of pay, exclusive of nondiscretionary bonuses.  *Id.*  Plaintiff alleges that her unpaid wages amount to $465.90, and that even with treble damages her potential recovery is less than $1,500.  Doc. 15 at 3.  Plaintiff further argues that Defendant's estimate of attorney fees is unreasonable.  Doc. 9 at 7.

Plaintiff separately requests that the Court award attorney fees under 28 U.S.C. § 1447(c), on the grounds that Defendant "lacked an objectively reasonable basis for seeking removal."  *Id.*

Defendant contests Plaintiff's calculations and argues that Plaintiff's attempt to defeat diversity by reducing her damages claim is improper.  Doc. 13 at 3.

## II.    *Analysis*

The Court concludes that (A) Defendant fails to satisfy the amount in controversy requirement by a preponderance of the evidence, and (B) Plaintiff is not entitled to attorney fees and costs.

### A.    *Amount in Controversy*

A defendant may remove a case to federal court in "any civil action brought in state court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). District courts have original jurisdiction, in relevant part, where (1) there is complete diversity among the parties, and (2) "the matter in controversy exceeds the sum or value of $75,000." § 1332(a)(1).  The removing party bears the burden of proving that the diversity jurisdiction requirements are met.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

Here, Defendant fails to demonstrate that Plaintiff's potential recovery exceeds the jurisdictional minimum.  When a plaintiff disputes the amount in controversy asserted by the removing defendant, the removing defendant must prove "by a preponderance of the evidence,

that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) (citing § 1446(c)(2)(B)).  The amount in controversy is ordinarily ascertained "by calculation from the complaint's allegations." *McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)).  If the complaint is silent on its face regarding monetary damages, the defendant may establish the amount in controversy "by contentions, interrogatories or admissions in state court...by reference to the plaintiff's informal estimates...or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.*  "Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover [the jurisdictional minimum]." *Frederick v. Hartford Underwriters Ins.*, 683 F.3d 1242, 1247 (10th Cir. 2012).

The amount of unpaid wages is more likely than not closer to Plaintiff's estimate.  *See Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994) (noting that courts may consider "subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action"); *see also Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (noting that "[r]emoval statutes are to be strictly construed...all doubts are to be resolved against removal.").  Plaintiff's claim is limited: she seeks to include nondiscretionary bonuses in her regular rate of pay for calculating overtime compensation.  Doc. 1-1 at 5–6.  Plaintiff's calculation is reasonable considering she worked a total of 125.5 hours of overtime over a period of ten weeks, contrary to Defendant's estimate of 320 hours.  After incorporating nondiscretionary bonuses in Plaintiff's overtime pay rate, and deducting any overtime compensation Plaintiff has already received, the Court finds Plaintiff's estimate of $465.90 persuasive.  Doc. 15 at 3.

4

Defendant's estimate of the amount in controversy is unsupported by a preponderance of the evidence.  Defendant incorrectly assumes that Plaintiff was not paid any overtime.  Defendant bases its calculations on Plaintiff's allegations that she works up to 72 hours in a workweek at a rate of $32 per hour.  However, Defendant's reliance on such a metric to calculate Plaintiff's unpaid wages is misplaced, as the record demonstrates that Plaintiff has already received overtime wages at 1.5 times her regular rate of pay.  *See* Docs. 9–1, 9–2.  As a result, the Court is not persuaded that Plaintiff is seeking overtime wages based on her regular rate of pay.

Moreover, Defendant's calculation of attorney fees is insufficient to establish the requisite amount in controversy.  "A reasonable estimate of attorneys' fees may be included in the amount-in-controversy calculation."  *Buscema*, 485 F. Supp. 3d at 1332.  Defendant alleges that Plaintiff's counsel requested a lodestar award of $60,000 in attorney fees in a similar action under the FLSA.  Doc. 13 at 6.  *See Dunne v. Quantum Residential inc.*, 2025 WL 896741 (W.D. Wash.).  But even assuming a comparable award here, Plaintiff's total recovery would still amount to less than $75,000.  Plaintiff's potential recovery, including treble damages, is less than $1,500.  This amount falls well short of the additional $15,000 needed—after incorporating a fee award in the amount argued by Defendant—to satisfy the amount in controversy requirement.  Therefore, the Court concludes that Defendant has not met its burden to prove the jurisdictional minimum by a preponderance of the evidence.

### B.    *Attorney Fees*

The Court denies Plaintiff's request for attorney fees.  A plaintiff may be entitled to "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  § 1447(c).  "[C]ourts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, although Defendant failed to establish the requisite amount in controversy, Defendant's arguments for removal were supported by some evidence. Because removal was not unreasonable, the Court declines to award attorney fees.

## IV.     *Conclusion*

For the reasons above, Plaintiff's Motion to Remand, Doc. 9, is granted insofar as the case shall be remanded back to the First Judicial District Court, County of Rio Arriba, New Mexico. The motion is denied as to Plaintiff's request for attorney's fees.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.